**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

STEVEN POPP,

      Plaintiff,

v.                                                                                    Case No: 6:20-cv-901-LRH

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

**MEMORANDUM OF DECISION**[1]

Steven Christopher Popp ("Claimant") appeals the final decision of the Commissioner of Social Security ("the Commissioner") denying his application for disability insurance benefits. Claimant raises one argument challenging the Commissioner's final decision, and, based on that argument, requests that the final decision be reversed and the matter be remanded to the Commissioner for further administrative proceedings. (Doc. 16, at 8, 19). The Commissioner asserts that the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence and should be affirmed. (*Id*. at 12, 19). For the reasons stated herein, the Commissioner's final decision is **AFFIRMED**.

**I.    PROCEDURAL HISTORY.**

On June 23, 2017, Claimant filed an application for disability insurance benefits, alleging that he became disabled on October 26, 2015. (R. 97, 195-99). His claim was denied initially and on reconsideration, and he requested a hearing before an ALJ. (R. 84-118, 133-34). A hearing

---

[1] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge. *See* Docs. 11, 14.

was held before the ALJ on April 24, 2019, at which Claimant was represented by an attorney. (R. 42-83). Claimant and a vocational expert ("VE") testified at the hearing. (*Id.*).

The ALJ subsequently issued an unfavorable decision finding that Claimant was not disabled. (R. 19-41). Claimant sought review of the ALJ's decision by the Appeals Council. (R. 192-94). On March 24, 2020, the Appeals Council denied the request for review. (R. 1-6). Claimant now seeks review of the final decision of the Commissioner by this Court. (Doc. 1).

## II. THE ALJ'S DECISION.[2]

After considering the entire record, the ALJ performed the five-step evaluation process as set forth in 20 C.F.R. § 404.1520(a). (R. 22-37).[3] The ALJ first found that Claimant met the insured status requirements of the Social Security Act through December 31, 2020. (R. 24). The ALJ concluded that Claimant had not engaged in substantial gainful activity since the alleged disability onset date of October 26, 2015. (*Id.*). The ALJ then found that Claimant suffered from the following severe impairments: lumbar degenerative disc disease (DDD), psoriasis, obesity, history of back surgery, depression, and anxiety disorder. (*Id.*). The ALJ concluded that Claimant did not have an impairment or combination of impairments that met or equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 24-26).

---

[2] Upon a review of the record, the Court finds that counsel for the parties have adequately stated the pertinent facts of record in the Joint Memorandum. (Doc. 16). Accordingly, the Court adopts those facts included in the body of the Joint Memorandum by reference and only restates them herein as relevant to considering the issues raised by Claimant.

[3] An individual claiming Social Security disability benefits must prove that he or she is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). The five steps in a disability determination are: (1) whether the claimant is performing substantial, gainful activity; (2) whether the claimant's impairments are severe; (3) whether the severe impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the claimant can return to his or her past relevant work; and (5) based on the claimant's age, education, and work experience, whether he or she could perform other work that exists in the national economy. *See generally Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004) (citing 20 C.F.R. § 404.1520).

After careful consideration of the entire record, the ALJ found that Claimant had the residual functional capacity ("RFC") to perform sedentary work as defined in the Social Security regulations,[4] with the following limitations:

> [The claimant can] occasionally stoop, kneel, crouch, or crawl; never climb ladders, ropes, or scaffolds; occasionally climb ramps or stairs; should avoid exposure to hazards, such as heights or machinery with moving parts.   No production rate pace work; occasional changes in routine work place setting.   He was likely to be absent from work on an unscheduled basis 1 day per month.

(R. 26).

Based on this assessment, the ALJ concluded that Claimant was not capable of performing his past relevant work, which included work as a police officer.  (R. 35).  However, the ALJ found that, considering Claimant's age, education, work experience, and RFC, Claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy.  (R. 36-37).  Specifically, the ALJ found that Claimant would be able to perform the requirements of representative occupations, such as: charge account clerk, telephone clerk, and order clerk food and beverage.  (R. 36).  Accordingly, the ALJ concluded that Claimant was not under a disability, as defined by the Social Security Act, from October 26, 2015 through the date of the decision.  (R. 37).

### III.   STANDARD OF REVIEW.

Because Claimant has exhausted his administrative remedies, the Court has jurisdiction to review the decision of the Commissioner pursuant to 42 U.S.C. § 405(g), as adopted by reference

---

[4] The social security regulations define sedentary work to include:

> lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.   Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.   Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a).

in 42 U.S.C. § 1383(c)(3). The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

When determining whether the Commissioner's decision is supported by substantial evidence, the court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The court may not decide the facts anew, reweigh evidence, or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

**IV.   ANALYSIS.**

In the joint memorandum, which the Court has reviewed, Claimant raises only one assignment of error: that the ALJ did not offer a legally sufficient justification for rejecting Claimant's testimony about his pain. (Doc. 16, at 8).

A claimant may establish disability through his own testimony of pain or other subjective symptoms. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). A claimant seeking to establish disability through his or her own testimony must show:

> (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). "If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so." *Foote*, 67 F.3d at 1561-62. The Court will not disturb a clearly articulated credibility finding that is supported by substantial evidence. *Id.* at 1562.

If the ALJ determines that the claimant has a medically determinable impairment that could reasonably produce the claimant's alleged pain or other symptoms, the ALJ must then evaluate the extent to which the intensity and persistence of those symptoms limit the claimant's ability to work. 20 C.F.R. § 404.1529(c)(1). In doing so, the ALJ considers a variety of evidence, including, but not limited to, the claimant's history, the medical signs and laboratory findings, the claimant's statements, medical source opinions, and other evidence of how the pain affects the claimant's daily activities and ability to work. *Id.* § 404.1529(c)(1)-(3). Factors relevant to the ALJ's consideration regarding a claimant's allegations of pain include: (1) daily activities; (2) the location, duration, frequency, and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of medication; (5) treatment, other than medication, the claimant receives for pain; (6) measures used for pain relief; and (7) other factors pertaining to functional limitations and restrictions due to pain. *Id.* § 404.1529(c)(3)(i)-(vii).

Here, the ALJ summarized Claimant's testimony from the administrative hearing as follows:

> The claimant testified that his primary problem was his back. He had lumbar fusion after he stopped working, but it was not successful. He had to have another surgery in July 2017. He felt his bones fused but he was worse off than ever with the first surgery. Now, he had problems with both his legs. He had trouble walking. He could walk for short periods. He wore a back brace all the time that helped. He did not lift more than a gallon of milk. He could lift 20 pounds with pain. He could stand for 15 minutes without causing severe pain. He could sit for 10 minutes. He underwent rehabilitation and epidurals. The pain management doctor did temporary spinal stimulator. He was taking Hydromorphene, Celebrex, inflammatory and Gabapentin. He used TENS Unit periodically. He had psoriasis that had gotten bad.

> The claimant testified that he had depression issues and was taking medication when he had anxiety. Depression was still a problem. He did not enjoy doing anything. He did not go out in public. He had trouble doing house chores. He could prepare food for himself. Cleaning was too much. He washed dishes. He did the grocery shopping. He was able to drive a car and he drove as little as possible. He was on many medications. The medications helped sometimes. He was not getting any mental health counseling and he did not see a psychologist. He reported no problem with his memory, but he had focus issues and he could not concentrate on one thing. He had a lot of worrying. He had no trouble with basic reading. He did not get along with others. He was able to shower, brush his teeth. He read the Bible, watched the news and read the paper. He let the dog out. He enjoyed time with his little girl. They watched TV together and he picked her up from school.

(R. 27).

Following this summary, the ALJ found that Claimant's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (*Id.*). The ALJ thereafter reviewed the medical evidence in the record and provided a detailed explanation as to why, despite Claimant's subjective complaints, Claimant has the RFC to perform sedentary work. (R. 28-35). Specifically, the ALJ explained how the objective medical evidence in the record, Claimant's reported improvement in his pain symptoms, and Claimant's testimony about his travel and daily activities led to the ALJ's determination that Claimant's subjective complaints were not entirely consistent with the medical evidence and other evidence in the record. (*Id.*)

Claimant argues that the ALJ's findings are not supported by substantial evidence. (Doc. 16, at 9). Specifically, Claimant takes issue with two of the ALJ's findings: 1) that the medical evidence showed improvement in Claimant's pain after his back surgeries, and 2) that Claimant's

June 2017 trip to Israel and ability to engage in a "wide range of daily activities" contradict Claimant's complaints of pain.  (*Id.*; *see also* R. 33-34).

With respect to the first issue—the medical evidence the ALJ considered—Claimant argues that the ALJ misinterpreted the treatment notes from Dr. Alex C. Perdomo, M.D., a consultative examiner who conducted an examination of Claimant on August 9, 2017.  (Doc. 16, at 9-10; *see also* R. 552-54).  Claimant points to Dr. Perdomo's findings that Claimant appeared to be in pain during the examination and needed to change positions frequently, and had moderate tenderness over the lumbar paraspinal muscles and spinous processes, slightly decreased range of motion in his cervical spine, and significantly decreased range of motion in his lumbar spine.  (Doc. 16, at 9-10; *see also* R. 552-53).  Claimant also points to records from his pain management provider, Dr. Edwin M. Villalobos, M.D., which Claimant contends shows that he continued to suffer from a "disabling level of pain," including tenderness of his sacroiliac joints and paraspinal muscles with positive trigger points.  (Doc. 16, at 10; *see also* R. 577, 582, 590, 594-95, 603, 614, 619, 628).  According to Claimant, these records "contradict[] the ALJ's suggestion that [Claimant's] surgeries effectively alleviated his pain."  (Doc. 16, at 10).

First, the ALJ nowhere stated, or suggested, that Claimant's surgeries "effectively alleviated his pain."  To the contrary, the ALJ considered the medical evidence of record and found that it was not entirely consistent with the degree to which Claimant complained of back pain.  For example, the ALJ considered Dr. Perdomo's notes from his consultative examination, which also included findings that Claimant walked without any difficulties, did not require an assistive device for ambulation, had full range of motion of upper and lower extremities, and exhibited "[n]ormal sensory, motor, and deep tendon reflexes.  Normal coordination and station.  No neurological gait deficits with negative Romberg."  (R. 30, 33, 552-53).  In addition, the ALJ considered the pain

management records, in which Claimant reported experiencing improvement in his pain by sixty percent following epidural steroid injections. (R. 35; *see also* R. 576, 583, 585, 591, 610). The ALJ further noted that:

> On February 6, 2018, the claimant's orthopedist, Dr. Tall, indicated that the claimant had a stable status post lumbar decompression and posterior fusion. (Exhibit 12F/12). An MRI of the lumbar spine from July 23, 2018, showed no evidence of significant instability, neurocompression or indication for acute revision surgical intervention, per Dr. Tall. (Exhibit 12F/2). An EMG/NCS study in August 2018 showed no evidence for an acute lumbosacral radiculopathy or compressive neuropathy at the time of testing. (Exhibit 13F/60). In October and November 2018, the claimant underwent three epidural steroid injections with improvement reported on his leg and low back pain. (Exhibit 13F/9, 12-13, and 37).

(R. 33-34). The records cited by the ALJ support these statements. And all of these medical records constitute substantial evidence to support the ALJ's decision as to the degree of credibility to afford to Claimant's subjective complaints about his pain.

The fact that Claimant disagrees with the ALJ's interpretation of some of this evidence does not change the Court's conclusion. Rather, it appears that what Claimant is really asking the Court to do is reweigh the evidence supporting the ALJ's credibility determination, which the Court is prohibited from doing. *See Bloodsworth*, 703 F.2d at 1239 (the Court may not reweigh the evidence or substitute its judgment for that of the Commissioner and must affirm if the decision is supported by substantial evidence). Accordingly, Claimant's first argument shall be rejected.

Next, Claimant argues that the ALJ "erred by drawing a negative inference from Plaintiff's daily activities." (Doc. 16, at 10). Claimant contends that the ALJ erred by relying, in part, on Claimant's trip to Israel in June 2017 as evidence that his statements about the limiting effects of his symptoms were not entirely consistent with the record evidence. (*Id.*; *see* R. 33-34). Claimant states that his back pain was aggravated during the trip when his tour bus suddenly stopped, and that he had to undergo a revision spinal surgery shortly after returning from his trip. (Doc. 16, at 10; R.

303).  Based on this, Claimant argues that his "inability to ride on a bus without aggravating his back pain supports his testimony that he would not be able to work for eight hours per day."  (Doc. 16, at 10).

Again, it appears that what Claimant is doing is asking the Court to reinterpret the evidence.  Although Claimant underwent a second back surgery after returning from his trip to Israel, record evidence shows that Claimant had already been planning to undergo the spinal revision surgery prior to the trip, but he postponed the surgery until after his return.  (R. 285, 409, 413).  Moreover, as the Commissioner points out, Claimant neglects to mention that his back pain was aggravated because he hit his head on the windshield of the tour bus—not, as Claimant seems to suggest, simply because he rode a bus.  (Doc. 16, at 10, 15, 16 n. 2; R. 29, 303).  Additionally, the record evidence shows that Claimant's condition was stable following the incident.[5]  Thus, the Court is again left with Claimant's own interpretations of the same record evidence considered by the ALJ, which is not sufficient to establish that the ALJ's clearly articulated findings were not supported by substantial evidence.  The ALJ's determination that Claimant's ability to travel internationally was not entirely consistent with his subjective complaints of pain was clearly articulated, with reference to substantial evidence in support, and therefore will not be disturbed.  *See Foote*, 67 F.3d at 1562 ("A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court.") (citing *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)).

---

[5] The record evidence shows that Claimant presented to the ER on June 17, 2017, after he returned from Israel, complaining of back and neck pain.  (R. 303).  A musculoskeletal examination revealed normal range of motion, normal strength, no tenderness, no swelling, and no deformity.  (R. 305).  On neurological examination, sensory, coordination, motor, and gait were normal.  (*Id.*).

Last, Claimant argues more generally that the record before the ALJ does not support his finding that Claimant was capable of performing a "wide range of daily activities." (Doc. 16, at 11; *see* R. 34). Claimant reasons as follows:

> The record shows that [Claimant] could prepare only very simple meals such as making a sandwich or reheating food in a microwave. [Claimant] could not perform any household chores or yard work other than watering some flowers. The ALJ noted that [Claimant] was able to drive, but [Claimant] testified that he limited himself to short trips due to his back pain. [Claimant] went shopping no more than once or twice a month for 20 minutes per trip. He had joint custody of his daughter, but his back pain prevented him from participating in any activities with her outside of his home. [Claimant] spent most of the day laying on a mattress in his living room due to his pain.

(Doc. 16, at 11) (internal citations omitted). Therefore, Claimant concludes, "none of [his] daily activities suggest that he would have been able to complete a full workday or work week," and that the evidence "directly contradicts" the ALJ's conclusion. (*Id.*, at 11-12).

Once again, Claimant misapprehends the Court's role at this stage of the case. There is no dispute that the ALJ considered all of the evidence of record, and Claimant does not point to any evidence that the ALJ failed to consider. Rather, Claimant simply disagrees with the ALJ's conclusions. Be that as it may, the ALJ properly considered Claimant's daily activities in assessing his claims of disabling limitations, and in ultimately concluding that Claimant's limitations do not preclude him from performing sedentary work. *See* 20 C.F.R. § 404.1529(c)(3)(i). Specifically, the ALJ relied on Claimant's testimony that he let the dog out, read, watched TV, drove, and spent time with his daughter. (R. 34, 68-70). While a claimant's daily activities alone are not dispositive of his or her ability to perform sedentary work, *see Venette v. Apfel*, 14 F. Supp. 2d 1307, 1314 (S.D. Fla. 1998) (citing *Walker v. Heckler*, 826 F.2d 996 (11th Cir. 1987)), as explained above, they are relevant to the ALJ's determination regarding a claimant's allegations of pain. 20 C.F.R. § 404.1529(c)(3)(i). And here, the ALJ found that Claimant's own testimony about his daily

activities, which the ALJ considered along with the medical evidence of record, (R. 28-35), contradicted his testimony about the extent of his symptoms. *Cf. Stacy v. Comm'r, Soc. Sec. Admin.*, 654 F. App'x 1005, 1011 (11th Cir. 2016) ("[Claimant's] testimony about his daily activities, which included feeding his dogs, driving, shopping, watching television, and using the computer, combined with the medical evidence that was consistent with an ability to perform light work, suggested that [Claimant's] testimony about the extent of his symptoms was not credible.").

In sum, Claimant does not argue that the ALJ failed to consider the medical evidence of record, or that the ALJ failed to consider Claimant's testimony. Rather, the Claimant argues that the ALJ's consideration of some of that evidence and testimony was incorrect, and in essence asks the Court to substitute its judgment for that of the ALJ. What Claimant seeks from the Court is not within its province. The reviewing court is limited by the substantial evidence standard, which "precludes it from re-weighing the evidence or substituting its own judgment for that of the Commissioner." *Borges v. Comm'r of Soc. Sec.*, 771 Fed. App'x 878, 882 (11th Cir. 2019) (citing *Moore*, 405 F.3d at 1213)). Rather, Claimant must show the absence of substantial evidence supporting the ALJ's findings. *Id.* This Claimant has not done. *See Macia v. Bowen*, 829 F.2d 1009, 1011 (11th Cir. 1987) (upholding ALJ's determination that claimant was capable of sedentary work despite her subjective complaints of pain because medical evidence supported ALJ's conclusion). Accordingly, the decision of the Commissioner is due to be affirmed.

## V. CONCLUSION.

Based on the foregoing, it is **ORDERED** that:

1. The final decision of the Commissioner is **AFFIRMED**.
2. The Clerk of Court is **DIRECTED** to enter judgment in favor of the Commissioner and **CLOSE** the case.

**DONE** and **ORDERED** in Orlando, Florida on August 2, 2021.

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

- 12 -